UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**LUCERO MORRIS**                      **CASE NO. 2:21-CV-03255**

**VERSUS**                             **JUDGE JAMES D. CAIN, JR.**

**UNITED PROPERTY & CASUALTY INSURANCE CO**     **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 14] filed by defendant United Property & Casualty Insurance Company ("UPC"). Plaintiff Lucero Morris opposes the motion. Doc. 16.

### I.
#### BACKGROUND

This suit arises from damage inflicted to plaintiff's home in Iowa, Louisiana, by Hurricane Laura and Hurricane Delta, which made landfall in this state on, respectively, August 27 and October 9, 2020. At all relevant times, the property was insured under a homeowner's policies issued by UPC. Doc. 26, att. 2. In relevant part it provided coverage under Coverage A (Dwelling) at a limit of liability of $400,000.00 and under Coverage D (Loss of Use) at a limit of liability of $4,000.00.

Plaintiff made a claim for property damage after Hurricane Laura but maintains that UPC failed to timely or adequately compensate his losses under the terms of the policy. She filed suit in the 14th Judicial District Court, Calcasieu Parish, Louisiana, on July 15,

2021, raising claims of breach of insurance and bad faith under Louisiana law. Doc. 1, att. 2. UPC then removed the matter to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. The court issued its Case Management Order ("CMO") for first-party insurance claims arising from Hurricanes Laura and Delta, governing initial disclosures and the parties' participation in a streamlined settlement process. Doc. 3. The case did not resolve in that process and is set for bench trial before the undersigned on November 28, 2022. Doc. 12.

UPC now brings this motion for partial summary judgment, seeking a ruling that (1) plaintiff's claim for additional coverage owed under Coverage D fails because he seeks future alternative living expenses ("ALE") costs, which are not covered under the policy; (2) plaintiff's recovery, if any, under Coverage A and Coverage B is limited to Actual Cash Value ("ACV") of the property; and (3) plaintiff's recovery is limited to one policy limit because he did not make any repairs before Hurricane Delta. Doc. 14, att. 3. Plaintiff opposes the motion. Doc. 16.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara*

*v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
## LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). "When the words of an insurance contract are

clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and the courts must enforce the contract as written." *Sims v. Mulhearn Funeral Home, Inc.*, 956 So.2d 583, 589 (La. 2007) (citing La. Civ. Code art. 2046).

On the subject of ALE/Coverage D, UPC contends that the dispute centers only on future/unincurred costs and alleges that plaintiff has not produced any evidence of claims arising from incurred ALE costs. It also asserts, without any evidentiary support, that it has repeatedly requested documentation of outstanding ALE costs but has received none. Plaintiff disputes this statement, however, and asserts that amounts remain in dispute. UPC has not met its initial burden of showing no genuine issue of material fact under this claim. Accordingly, summary judgment will be denied.

The court has addressed the other issues raised in this motion multiple times. As for the actual cash value, the court held in analyzing an identical policy provision:

> [T]he plain language of the policy in this matter provides that repair or replacement cost is not due until that work is complete. 2022 WL 710621 (W.D. La. Mar. 9, 2022). As in *Touchet*, UPC has made its motion in anticipation of a jury verdict and argues that the jury should be limited to considering its liability only in terms of ACV. Plaintiffs, however, have argued that they have been unable to start repair work because of the low amount of payments that they have received thus far from UPC.
> UPC urges the court to depart from *Touchet* and consider a contrary result in *Orleans Parish School Board v. Lexington Insurance Company*, 118 So.3d 1203 (La. Ct. App. 4th Cir. 2011), a Katrina case in which the court held that recovery was limited to ACV under the policy due to the fact that plaintiff had not begun repairs. The court rejected plaintiff's argument that it had been unable to make repairs due to lack of payments from the insurer. In so doing, however, it also determined that plaintiff had failed to fulfill its obligation of making proof of loss within the prescribed policy periods. UPC has not presented adequate evidence to take that issue from the jury in this matter, and the jury can thus determine whether plaintiff is entitled to recover

> replacement costs. *Accord Mason v. Shelter Mutual Ins. Co.*, 209 So.3d 860, 867 (La. Ct. App. 3d Cir. 2016). Accordingly, the motion will be denied in this regard.

*Schumacher v. UPC*, 2022 WL 3330085, at *2 (W.D. La. Aug. 11, 2022). The same result controls here.

As for applying two policy limits, the court also addressed this argument in *Touchet* and *Schumacher*:

> As it relates to Coverage A, the court disagrees. "Louisiana law does not allow for double recovery of the same element of damages," which is in the nature of a punitive or exemplary award. *Albert v. Farm Bureau Ins. Co.*, 940 So.2d 620, 622 (La. 2006). The policy covers only one dwelling and the limits under Coverage A represent the replacement cost for that dwelling, as agreed to by plaintiffs when they purchased the policy. The court allows that recovery under separate policy limits would be justified in the event that plaintiffs had begun repairs following one occurrence and then suffered additional damage in the second. Here, however, plaintiffs have admitted that they made no repairs to the dwelling. Accordingly, holding UPC liable for two policy limits covering the same dwelling would amount to exemplary damages. Plaintiffs already have such a remedy available under Louisiana Revised Statutes §§ 22:1892 and 22:1973, and the motion must be granted in this regard.

*Touchet v. UPC*, 2022 WL 710621, at *2 (W.D. La. Mar. 9, 2022); *accord Schumacher v. UPC*, No. 2:21-cv-1435, doc. 40 (W.D. La. Aug. 15, 2022). More recently, the court added: "[I]n the absence of any claim for repairs made under Laura coverage that must have been redone due to damage caused by Delta, there is no basis for doubling policy limits or otherwise attempting to segregate the damages at this time." *Alpha Dev. Grp. LLC v. Liberty Mut. Ins. Co.*, No. 2:21-CV-00991, 2022 WL 6850097, at *3 (W.D. La. Oct. 11, 2022). Accordingly, summary judgment should be granted as to this claim with the caveat

that defendant is estopped from arguing that any damages are not covered because they were caused by Hurricane Delta.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 14] will be **GRANTED IN PART** and **DENIED IN PART**.

**THUS DONE AND SIGNED** in Chambers on the 28th day of October, 2022.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**